IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE SOTO,

    Plaintiff,

v().

CO KELLY, CO GRANT, CO DONOVAN,
CO GEE, CO CROCKER, TRAVIS
BITTELMAN, DALIA SULIENE, DIANE
LANE, JANEL NICKEL, SGT. HEINECKE,
SGT. ROYCE, SGT. SIRELL, LORI ALSUM,
CAPTAIN RADTKE, CO WILEY,
CO LAFERVE, AND CAPTAIN MORGAN,,

    Defendants.

ORDER

Case No. 14-cv-514-jdp

    Plaintiff Jose Soto, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed without prepaying the fee. (Dkt. #2). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, he must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

    In this case, 20% of the average monthly balance is $100.19, and 20% of the average monthly deposits made to his account is $16.35. Because the greater of the two amounts is 20% of the average monthly balance, or $100.19, that is the amount plaintiff will be assessed

as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before August 29, 2014.

If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $100.19 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

Plaintiff has also filed a motion to use his release account funds to pay the entire fee for filing this case. *(*Dkt. #4). Plaintiff cannot use his release account funds in the manner he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds to pay the entire balance of the $350 filing fee, I will deny his motion.

2

ORDER

IT IS ORDERED that,

1. Plaintiff Jose Soto is assessed $100.19 as an initial partial payment of the $350.00 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $100.19 or advise the court in writing why he is not able to submit the assessed amount on or before August 29, 2014.

2. Plaintiff's request for use of his release account funds to pay the *entire* filing fee in this case (Dkt. # 4) is DENIED.

3. If, by August 29, 2014, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 11th day of August, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge