IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE SOTO,

                Plaintiff,                  OPINION & ORDER

   v.

                                                14-cv-514-jdp

C.O. KELLEY, C.O. GRANT, C.O. DONOVAN,
C.O. GEE, C.O. CROCKER, TRAVIS BITTELMAN,
DALIA SULIENE, DIANE LANE, JANEL NICKEL,
SGT. HEINECKE, SGT. ROYCE, SGT. SIRELL,
LORI ALSUM, CAPTAIN RADTKE, C.O. WILEY,
C.O. LAFERVE, AND CAPTAIN MORGAN,

                Defendants.

---

      Plaintiff Jose Soto is currently a prisoner at the Waupun Correctional Institution. At the time relevant to his lawsuit, plaintiff was at the Columbia Correctional Institution (CCI), located in Portage, Wisconsin. He has filed a proposed complaint under 42 U.S.C. § 1983 alleging that defendants, who are employed at CCI, violated his constitutional rights in several ways. Plaintiff seeks leave to proceed *in forma pauperis* and has made an initial partial payment of the filing fee as directed by the court. As a next step, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, I must read the allegations of the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

      After considering plaintiff's allegations, I conclude that I cannot yet conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure by joining several claims together that do not belong in the same lawsuit. Accordingly, I will give him the opportunity to choose which claim he wishes to pursue in this case and to submit an amended complaint for that claim.

ALLEGATIONS OF FACT

In his complaint, plaintiff alleges the following facts:

Plaintiff had a shoulder injury of some kind and was awaiting surgery when he was placed in disciplinary segregation on March 22, 2010. Despite the condition of his shoulder, defendants were binding his arms behind his back to secure him and making him sleep on a mattress placed directly on the floor. Plaintiff complained to defendant Dr. Dalia Suliene and asked for a thicker mattress and additional blankets to support his shoulder, ice and pain medicine for his discomfort, and a directive that his arms be bound in front of him rather than behind his back. On April 29, 2010, plaintiff received a medical restriction that he not be forced to sleep directly on the floor or on a "boat." However, defendants Captain Radtke, Janel Nickel, Lori Alsum, and Dr. Dalia Suliene forced him to continue sleeping on the floor until May 25, 2010. It is not clear whether defendants stopped binding plaintiff's arms behind his back.

At around the time plaintiff went into segregation, his property became comingled with another inmate's property. As a result, CCI staff attributed more property to plaintiff than allowed under the Department of Corrections rules. Although plaintiff offered to assist in sorting out the property and to claim the pieces that belonged to him, defendants Diane Lane, Janel Nickel, Lt. Schoenberg, Captain Morgan, and Sgt. Heinecke refused to permit him to do so. Plaintiff also offered Lane, Nickel, and Heinecke contact information for civilians who would accept his excess belongings on his behalf, but defendants declined to send his property along and instead disposed of it.

On or about July 18, 2011, defendant C.O. LaFerve slammed plaintiff to the floor and defendant C.O.s Kelley, Grant, Donovan, and Gee restrained plaintiff on the ground. C.O. Donovan secured plaintiff's feet with handcuffs instead of leg shackles. Defendants then stood plaintiff up and demanded that he walk, yelling "[w]alk right fucking now!" at him. Plaintiff was

unable to walk because of the handcuffs and an injury, but defendants continued, stating "[f]uck this shit! You are going to walk—and fast!" Defendant C.O. Crocker then took plaintiff by his chin and neck and dragged him approximately 25 feet until other officers stopped him and directed that plaintiff be able to use a wheelchair.

By September 5, 2011, plaintiff had been in segregation at CCI for approximately 540 days. He mounted a hunger strike to protest the denial of his medical care and the use of excessive force against him. During this time, defendant C.O. Bittelman deprived plaintiff of sleep by repeatedly turning on his light all night for days at a time. Bittelman remarked that as long as plaintiff generated paperwork for Bittelman to complete, Bittelman would make sure that plaintiff did not sleep.

By September 18, 2011, plaintiff had been placed in segregation for approximately 553 days. He began hearing auditory hallucinations of disturbing voices. Plaintiff asked to see a mental health professional, but defendants Sgt. Royce, Sgt. Sirell, and C.O. Wiley did not facilitate plaintiff in availing himself of mental healthcare. Plaintiff subsequently attempted to kill himself by hanging while in segregation.

ANALYSIS

Plaintiff has combined into one lawsuit several different claims against different defendants regarding different incidents. He cannot proceed on them together because he has not explained why they are connected. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). The five counts pleaded by plaintiff each involve separate acts of alleged

wrongdoing by separate sets of defendants. Plaintiff's complaint does not allege that these counts arise out of the same transaction or occurrence.

Therefore I conclude that plaintiff's complaint should be dismissed and he should be given a chance to file an amended complaint that includes only claims that arise out of the same transaction or occurrence. Without taking any position on the merit of any of his potential claims, plaintiff could choose to pursue any of the following possible separate lawsuits:

1. An Eighth Amendment deliberate indifference claim against defendants Captain Radtke, Janel Nickel, Lori Alsum, and Dalia Suliene for failing to adequately accommodate his medical condition.

2. An Eighth Amendment deliberate indifference claim against defendants Sgt. Royce, Sgt. Sirell, and C.O. Wiley for denying plaintiff access to mental health care.

3. An Eighth Amendment excessive force claim against defendants C.O. LaFerve, C.O. Kelley, C.O. Grant, C.O. Donovan, C.O. Gee, and C.O. Crocker for the incidents of July 18, 2011.

4. A Fourteenth Amendment claim for destruction of property without due process against defendants Diane Lane, Janel Nickel, Lt. Schoenberg, Captain Morgan, and Sgt. Heinecke.

5. A First Amendment retaliation claim against defendant C.O. Bittelman.

Before I can screen the merits of any of his claims, plaintiff will have to respond to this order and explain how he would like to proceed. He may choose *one* of the numbered claims above to pursue using this case number. Plaintiff may also choose to pursue additional claims, but he must do so in separate lawsuits. For each separate lawsuit that he chooses to pursue, plaintiff must file a separate complaint and pay an initial partial payment of the $350 filing fee. 28 U.S.C. § 1915(b)(1).

ORDER

IT IS ORDERED that:

4

1. Plaintiff Jose Soto's complaint is DISMISSED under Federal Rule of Civil Procedure 20.

2. Plaintiff may have until May 4, 2015, to identify for the court which of the above-numbered lawsuits he wishes to pursue under this case number. Plaintiff must choose one and only one of these lawsuits to proceed under this case number.

3. Plaintiff may have until May 4, 2015, to advise the court whether he wishes to pursue any of the lawsuits that he does not choose to continue under this case number.

4. For any lawsuit plaintiff wishes to continue, he must submit a separate complaint that fully explains the basis for his claims.

5. For any new lawsuits that plaintiff wishes to pursue, he will have to submit a $100.19 initial partial payment of the filing fee.

6. For each lawsuit that plaintiff chooses to pursue, he will owe a separate $350 filing fee. For any lawsuit that plaintiff dismisses voluntarily at this time, he will not owe a filing fee.

7. If plaintiff fails to respond to this order, I will enter an order dismissing the case for failure to prosecute it.

Entered April 15, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge