IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE SOTO,

                Plaintiff,

v.

KELLY RICKEY, MATTHEW GRANT,
RICK DONOVAN, WILLIAM GEE,
JASON KROCKER, and WILLIAM LEFEVRE,

                Defendants.

FINAL PRETRIAL
CONFERENCE ORDER

14-cv-514-jdp

---

The court held a final pretrial conference on Wednesday, July 19, 2017, before United States District Judge James D. Peterson. Plaintiff Jose Soto appeared by counsel, Gabriel Galloway. Defendants Kelly Rickey, Matthew Grant, Rick Donovan, William Gee, Jason Krocker, and William LeFevre appeared by counsel, Ann Peacock and Gesina Carson.

GENERAL PRETRIAL INSTRUCTIONS

Counsel predicted that the case would take two to three days to try. The court will tell the jury four. The jury will consist of eight jurors to be selected from a qualified panel of 14. Each side will exercise three peremptory challenges against the panel. Trial days will begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, two short breaks in the morning, and two short breaks in the afternoon. Counsel may be required to be in court earlier than 9:00 a.m. to address matters without the presence of the jury. On the first day of trial, counsel are directed to appear at 8:30 a.m.

The parties stipulated, and the court admitted, all exhibits with the exception of defendants' Exhibit No. 517, the conduct report hearing records, on which the court reserved

ruling. On the first day of trial, plaintiff's counsel will be prepared to indicate which pages of Exhibit No. 517 he wishes to admit and why they are admissible. The parties will use defendants' exhibit binder, which contains all of the exhibits Soto intends to admit. All the admitted exhibits may be used at trial with witnesses or in argument without a further formal motion. Only those exhibits that are used with witnesses or discussed in closing argument will be sent to the jury during deliberations. As for Soto's Exhibits Nos. 1, 4, 5, and 6, the parties agreed that these exhibits may only be used for impeachment purposes.

Unless otherwise agreed by the parties, counsel must disclose any exhibits to be used in opening statements not later than 6:00 p.m. on Friday, July 22, 2017, and identify the witnesses they anticipate calling not later than 6:00 p.m. on the business day before that witness is expected to testify.

Counsel should keep in mind that opening statements are an overview of the evidence. Arguments are to be reserved for the end of the trial.

Counsel indicated that they will be familiar with the court's visual presentation system before trial begins. Counsel should use the microphones at all times and address all objections to the bench, not to opposing counsel. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

If counsel call the opposing party's witness as an adverse witness, counsel for the opposing party may choose whether to ask only clarifying questions of the witness and call the witness in their own case or do all their questioning during their opponent's case, in which case the party calling the witness will have an opportunity to respond with

questioning. If counsel choose the first option, they are free to call the witness during their case. Counsel have the same two options as to any adverse witness; they are not bound by their decision on questioning any previous witness. Counsel for the witness should inform the court which approach they will be taking before beginning the examination.

## VOIR DIRE AND JURY INSTRUCTIONS

The court and the parties discussed the draft voir dire and introductory instructions as distributed. The court made several changes to the voir dire and introductory instructions based on the parties' requests, to which no objections were made. Final versions of the voir dire and introductory instructions are attached to this order.

Soto objected to the second question on the verdict form, which asks the jury to assess the total amount of compensatory damages, rather than assessing damages separately against each defendant; the court overruled the objection. Final decisions on the post-trial instructions and verdict form will be made at the instruction conference near the end of the trial.

## RULINGS ON MOTIONS

The court granted defendants' motion to exclude any mention of lawsuits, complaints, or newspaper articles relating to or referring to the Wisconsin Department of Corrections or defendants. As for defendants' motion to preclude Soto from testifying about the causation, permanence, future care and treatment, or future pain and suffering of any physical injury, the court granted the motion only in part. The court will allow Soto to testify about the physical injuries and current pain that he attributes to the incident at issue based on

counsel's representation of Soto's expected testimony. But should Soto venture further afield into territory that would require truly expert testimony, defendants may object.

ORDER

IT IS ORDERED that:

1. Defendants' motion in limine no. 1, Dkt. 88, is GRANTED.

2. Defendants' motion in limine no. 2, Dkt. 88, is GRANTED in part, consistent with explanation above and at the final pretrial conference.

Entered July 20, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge