# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE SOTO,

                Plaintiff,

v.

KELLY RICKEY, MATTHEW GRANT,
RICK DONOVAN, WILLIAM GEE,
JASON KROCKER, and WILLIAM LEFEVRE,

                Defendants.

ORDER

14-cv-514-jdp

---

      Plaintiff Jose Soto, represented by counsel, brought claims that defendants violated his rights under the Eighth Amendment by using excessive force against him and that certain defendants violated his rights under the First Amendment by retaliating against him when he mounted a hunger strike to protest the excessive force used against him. I granted summary judgment and judgment as a matter of law in favor of some defendants, and on July 25, 2017, a jury returned a verdict in favor of defendants on all remaining claims. Dkt. 109. Accordingly, the court entered judgment in favor of defendants and closed the case. Dkt. 110.

      Now Soto—without his attorney—has filed a motion for leave to proceed pro se on claims of deliberate indifference. Dkt. 111. Soto, through counsel, already attempted to proceed on these claims, but I concluded that the deliberate indifference claims could not be joined with Soto's other claims under Federal Rule of Civil Procedure 20. Dkt. 28. Soto also attempted to proceed pro se on these claims, but I denied him leave to do so because he was represented by counsel and so could not file motions directly with the court. Dkt. 43.

      Once again, I will deny Soto leave to proceed on deliberate indifference claims. Final judgment has been entered in this case. Because Soto's filed his motion more than 28 days

after entry of judgment, I will construe it as one for relief from judgment under Rule 60(b). Relief from a final judgment under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990)). This case does not present an exceptional circumstance.

More fundamentally, I have consistently denied Soto leave to proceed on the deliberate indifference claims in this case because they do not belong in the same lawsuit as his other claims. As I explained in my first screening order, Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. Soto's deliberate indifference claims concern different events and name different individuals as defendants. They do not belong in this lawsuit. This does not mean that Soto may not proceed on claims of deliberate indifference; it just means that he can't proceed on them in *this suit*. I have previously invited Soto to file a separate complaint concerning the deliberate indifference claims. *See* Dkt. 28, at 4. Until Soto does so, I cannot consider those claims.

ORDER

IT IS ORDERED that plaintiff Jose Soto's motion for relief from judgment, Dkt. 111, is DENIED.

Entered September 20, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge